## SAMUEL D. WARD, Receiver,
### v.
## SWEN J. JOHNSON ET AL.

1. SAVINGS BANKS — RELATION OF DEPOSITOR.— By the terms of the charter and its mode of dealing, the relation between the bank and its depositors was not that of trustee and *cestui que trust*, but merely that of debtor and creditor; and the funds arising from the savings deposits were the absolute property of the bank, so that it had full power to negotiate or pledge any of its securities obtained by loaning said funds.

2. PRACTICE—FORMER DECISIONS OF THIS COURT.—This court cannot sit as a court of appeal to review its own decisions. If parties are dissatisfied with its conclusions, the only mode of obtaining redress in this court is by a petition for a re-hearing. In the absence of such petition the propositions decided are, as between the parties to the suit, *res adjudicata*, and binding both upon them and upon this court whenever they again arise in the same case and upon the same state of the record.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.   Opinion filed January 7, 1880.

Messrs. HOYNE, HORTON & HOYNE, for appellant.

Mr. ELLIOTT ANTHONY and Messrs. GOUDY, CHANDLER & SKINNER, for appellees; cited Johnson v. Ward, 2 Bradwell, 261.

BAILEY, P. J.   This case was before the court at the October term, 1878, and upon consideration of the record then presented, a decree in favor of the present appellant was reversed, and the cause remanded for further proceedings not inconsistent with the opinion then filed.   The facts involved in the litigation are fully stated in said opinion, and need not be here repeated. See Johnson et al. v. Ward, 2 Bradwell, 261.

On that appeal, after considering the charter and by-laws of the bank, its form of organization, and its mode of dealing with its depositors, we reached the conclusion that the relation between the bank and its savings depositors was not that of trustee and *cestui que trust*, but merely that of debtor and creditor, and that the funds arising from the savings deposits

Ward v. Johnson.

were the absolute property of the bank. We accordingly held that the bank had full power to negotiate or pledge any of its securities obtained by loaning said funds, and that the deed of trust to Chandler was valid.

It is manifest that the conclusion thus reached was decisive of the case. Whether the securities in Chandler's hands were or were not obtained by the use of moneys taken from the savings deposits, could make no difference with the result, as no question was made as to the power of the bank to employ its funds other than the savings deposits in any way it saw fit.

It was however suggested in the opinion that even if the law were otherwise, the evidence in the record failed to show with sufficient certainty that said securities were obtained by use of the savings deposit funds, or that the savings depositors at the date of the failure of the bank were such at the date of the execution of the deed of trust to Chandler.

Since the cause was remanded, evidence has been introduced by the receiver tending to supply the defect of proof pointed out in the opinion. How far his efforts in that direction have been successful it will not be necessary for us to determine. So far as the main proposition upon which the former appeal was decided is concerned, the record remains unchanged. No further evidence has been presented bearing upon the question of the relation between the bank and its savings depositors, or the nature of the savings deposit fund, whether trust fund or otherwise. Under these circumstances we are asked to review our former conclusions and reverse the decision then made.

After duly considering the argument presented by the learned counsel for the receiver, we see no reason to doubt the soundness of the views expressed in our former opinion. But even if the conclusions then reached were erroneous, it would not now be in our power to correct the error. We cannot sit as a court of appeal to review our own decisions. If parties are dissatisfied with our conclusions, the only mode of obtaining redress in this court is by a petition for a re-hearing. In the absence of such petition, the propositions decided are, as between the parties to the suit, *resadjudicata*, and are binding both upon them and upon this court, whenever they again arise

in the same cause and upon the same identical state of the record.

The decree now before us is in accordance with the principles laid down in our former decision, and it must therefore be affirmed.

Decree affirmed.